34 A.3d 776

IN THE MATTER OF KEVIN JOSEPH CARLIN, AN ATTORNEY AT LAW (ATTORNEY NO. 004231985).

January 25, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–194 and DRB 11–240, concluding on the

record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **KEVIN JOSEPH CARLIN** of **HAMILTON**, who was admitted to the bar of this State in 1985, and who has been temporarily suspended from the practice of law since July 19, 2011, should be suspended from the practice of law for a period of one year for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions), *RPC* 1.5(b) (failure to provide the client with a written retainer agreement), *RPC* 1.15(d) (recordkeeping violations), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the Board having further concluded that on reinstatement to practice, respondent should be required to continue to practice law under supervision;

And good cause appearing;

It is ORDERED that **KEVIN JOSEPH CARLIN** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent continue to comply with the conditions Ordered by this Court on February 11, 2009, June 30, 2009, and July 19, 2011, that require respondent to submit all outstanding proctorship reports and to practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics until the further order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement

for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.